UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JOHN LEWIS dba JOHN LEWIS GLASS,

                    Plaintiff,

-against-

ALLIED BRONZE LLC, a New York limited liability company,

                    Defendant.
-------------------------------------------------------------- X

**MEMORANDUM AND ORDER DISMISSING ACTION**

07 Civ. 1621 (BMC)

**COGAN**, District Judge.

By Order dated April 19, 2007, this Court directed plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. The complaint improperly alleged diversity of citizenship, stating that plaintiff is a citizen of California and that defendant is a "limited liability company organized and existing under the laws of the State of New York with its principal place of business in the State of New York, Queens County." The Order to Show Cause advised plaintiff that the citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members. See Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48 (2d Cir. 2000); Jawbone LLC v. Donohue, No. 01 CIV. 8066, 2002 WL 1424587 (S.D.N.Y. Jun. 28, 2002).

Plaintiff concedes the failure to invoke this Court's diversity jurisdiction and seeks an extension of 30 days to contact defendant's counsel and obtain additional facts that might enable him to cure the deficiency. Plaintiff apparently has learned from defendant's counsel that defendant is a Delaware limited liability company. He has a

representation from defendant's counsel, he asserts, that defendant's sole member is a Delaware limited partnership bearing some connection with the Permasteelisa group of companies. He has asked defendant's counsel for the "domicile" (his word) of each of the partners of Permasteelisa. Plaintiff further asserts that

> [i]f any of the partners of Permasteelisa are domiciled in the State of New York, plaintiff will appropriately amend the complaint to properly allege that domicile in order to properly allege facts supporting personal jurisdiction. If none of the partners of Permasteelisa are New York domiciliaries, plaintiff will dismiss the complaint.

Plaintiff's counsel continues to misunderstand his problem. Subject matter jurisdiction has nothing to do with whether any Permasteelisa partners are domiciled in New York. That fact might or might not affect personal jurisdiction, but it is irrelevant to subject matter jurisdiction.

Rather, assuming plaintiff's informal advice from defendant's counsel is correct (and plaintiff has no verification of that), plaintiff has to allege the citizenship of each of the members of this defendant. If the members of this defendant are general or limited partnerships, then each of their general and limited partners' citizenship must be set forth in the complaint. If those general or limited partners are themselves general or limited partnerships, then plaintiff must in turn allege citizenship as to each of those second-tier partners. This process continues up the chain of ownership until plaintiff has defined the citizenship of every individual and corporation that has a direct or indirect equitable interest in this defendant. Subject matter jurisdiction could be found to exist only if, upon setting forth these allegations, none of these top-tier individuals or corporations is a California citizen, as is plaintiff. Whether any of them are New York citizens is irrelevant for subject matter jurisdiction purposes.

2

Because of the need to allege ultimate ownership, it is often not easy to invoke diversity jurisdiction over a limited liability company or a limited partnership. That is especially true if the entity is very substantial, as is the case with the Permasteelisa group, as to which the Court can take judicial notice that it is a very substantial international company with both nationwide and worldwide operations carried on through numerous entities. State laws generally do not require disclosure of members of limited liability companies or limited partners of limited partnerships, and public records therefore rarely contain the type of ownership information that is required to allege diversity jurisdiction.

This Court has an obligation to consider its subject matter jurisdiction *sua sponte*. See Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006). If plaintiff has a good faith basis for alleging diversity and there is merely a technical deficiency in the complaint, this Court could consider allowing an opportunity for plaintiff's counsel to do additional research. Here, however, plaintiff's complaint and response to the Order to Show Cause show that plaintiff has no basis for alleging diversity, and that his counsel continues to misunderstand the rules governing its application. Reliance on potential informal advice from defendant's counsel is not an adequate ground for this Court to maintain a case over which it has no subject matter jurisdiction as defense counsel has no obligation to provide such information and may be unable or unwilling to do so. Moreover, there is no way to predict that such information would support subject matter jurisdiction.

Under these circumstances, dismissal is appropriate. It is not the province of this Court to hear an action over which it has no subject matter jurisdiction in the hope that if plaintiff's counsel does the work he should have done before commencing it, perhaps

3

jurisdiction will be found.  As the Seventh Circuit held in Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 692-93 (7th Cir. 2003):

> Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money … Counsel tells us that, because the lease between Belleville Catering and Champaign Market Place refers to Belleville Catering as "a Missouri corporation," he assumed that it must be one. That confesses a violation of Fed.R.Civ.P. 11 … [C]ounsel must secure jurisdictional details from original sources before making formal allegations.

Plaintiff will not be prejudiced by the dismissal of this action.  He can refile it if he learns facts demonstrating subject matter jurisdiction, and the state courts of New York are well able to resolve it if he is not.

This case is therefore dismissed.

**SO ORDERED.**                                         s/BMC

                                                                              U.S.D.J.

Dated:  Brooklyn, New York
         May 2, 2007